## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNE L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1318-HE |
| | ) |
| OKLAHOMA CITY UNIVERSITY & | ) |
| LAWRENCE K. HELLMAN, | ) |
| | ) |
| Defendants. | |

### PROTECTIVE ORDER

1.      The term "Confidential Material" as used in this Protective Order shall mean all information, documents and material which have not heretofore been made public, or otherwise published by the defendant, and which is either a trade secret, proprietary, personnel, business or financial information of Oklahoma City University (collectively "OCU"). The information is particularly described in the attached Exhibit 1. If opposing counsel disagrees with that designation, the opposing counsel may file appropriate motions with the Court. The distribution of "Confidential Material" will be restricted to the "qualified persons" described below, and is not to be divulged to any others, unless disclosure to others is subsequently authorized by this Court, or disclosure is subsequently authorized by the party producing the items, or the confidentiality is waived by the party producing it by the publication of it to third persons, or the information is or otherwise becomes available to the public in the United States.

Any item deemed to be "Confidential Material" shall be so designated by one of the counsel for the party producing it, and such designation by counsel constitutes a representation on the part of such counsel, that the document, material or other information so designated, is legitimately "confidential."

2.   All Confidential Material shall be used only for the purposes of this litigation and not for any other purpose whatsoever. Copies of Confidential Material will not be distributed to anyone other than those individuals described in Paragraph 2. Except with the prior written consent of the party who has produced or provided the Confidential Material, or to whom the Confidential Material relates, or with the Court's permission, Confidential Material and any copies or portions thereof shall not be disclosed except to the following (hereinafter "Qualified Persons"):

(a)   Counsel of record for the respective parties to this litigation and regular employees of such counsel who are working directly with and under the supervision of such counsel in the prosecution or defense of this litigation

(b)   The plaintiff Danne Johnson;

(c)   An expert expressly retained by counsel of record in this action to assist in the preparation of this action for trial;

(d)   Persons whom counsel of record reasonably believe may have discoverable evidence or knowledge and/or may be called to give testimony on matters relating to Confidential Material, provided that such individuals shall have access only to that portion of Confidential Material deemed reasonably related to their expected testimony, and provided further that, any such person may only be shown Confidential Material in preparation for and during his testimony and in preparation thereof, and may not retain any Confidential Material; and

(e)   The Court and its personnel in the conduct of their official duties.

3. When and if filed, any Confidential Material shall be filed with names of third parties and personal identifiers (i.e. social security numbers) redacted. With respect to the filing with the Clerk of the Court of any paper (including, without limitation, an affidavit, memorandum or motion) that discloses all or part of any Confidential Material, the portion thereof disclosing names and personal identifiers of third parties shall be redacted. An unredacted copy of the paper shall be filed under seal.

4. A party may designate as Confidential Material such portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Material. The person desiring to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. In addition, if a document previously designated as Confidential Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential Material regardless of whether any person makes a formal designation. Any portion of any deposition testimony that is not designated as Confidential Material shall not be entitled to the protection afforded under this Protective Order.

5. The court reporter shall be advised of the confidential nature of the material. If filed, a deposition which contains Confidential Material, either in testimony or exhibits, shall be filed with the Clerk of the Court in the manner provided in Paragraph 3.

6. The use and protection of Confidential Material during the trial of this action and after shall be subject to further order of the trial judge.

7. Counsel shall provide a copy of this Protective Order to each Qualified Person, as defined in Paragraph 2, to whom Confidential Material is disclosed by them or to any

additional person afforded such access pursuant to Paragraph 2 of this Protective Order, and all such persons shall be bound by this Protective Order.  Such persons will be advised that violation of this Protective Order will subject them to the contempt powers of this Court.  In addition, all such persons, including the plaintiff, but excluding counsel of record and the Court, shall execute the form attached hereto as Exhibit 2 and agree thereby to abide by the terms and conditions of this Protective Order.  The form must be executed prior to the disclosure of any Confidential Material to the Qualified Person to whom the Confidential Material is contemplated to be disclosed.  Copies of such executed forms shall be provided by the counsel receiving Confidential Material, to the counsel disclosing Confidential Material, upon the termination of this action, upon request of counsel of record for the disclosing party.

8. The provisions of this Protective Order shall not terminate at the conclusion of this action.  At the time of the termination of this action, all Confidential Material and all copies of same shall be returned to the party producing such material.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2009.

JOE HEATON
UNITED STATES DISTRICT JUDGE

# **EXHIBIT 1**

1. All documents produced to plaintiff by defendant from the personnel files of any current or former OCU employee (with the exception of plaintiff's personnel file). This includes, but is not limited to, performance evaluations, documents reflecting employees' salaries, disciplinary records, documents reflecting job qualifications and investigation notes.

2. All documents produced to plaintiff by defendant which reflect the financial condition of OCU including, but not limited to, tax returns and all other reports or other documents showing revenues or net worth of the defendants.

3. All documents produced to plaintiff by defendant which constitute the confidential business information, including but not limited to proprietary information and/or trade secrets, of OCU.

4. All documents produced to plaintiff by defendant related to any complaint of discrimination or harassment, or investigation related to any current or former OCU employee (with the exception of the plaintiff).

**EXHIBIT 2**

**AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Western District of Oklahoma on the __ day of _____, 20__, in the action entitled *Danne Johnson v. Oklahoma City University and Lawrence K. Hellman.*; Case No. CIV-08-1318-HE, understands the terms thereof, and agrees to be bound by such terms. Further, the undersigned understands that a violation of this Order may subject him/her to the contempt powers of the United States District Court for the Western District of Oklahoma.

_____
SIGNATURE

_____
DATE