IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNE L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1318-HE |
| | ) |
| OKLAHOMA CITY UNIVERSITY & | ) |
| LAWRENCE K. HELLMAN, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO
DEFENDANTS' FINAL WITNESS LIST**

The Plaintiff's objection to listing the mediator, Steve Barghols, as a potential witness should be overruled for three reasons.

1.     While the defendants are aware of the policy reason for maintaining the confidentiality of the mediation process, the plaintiff is the one who has placed the mediation process in issue. In paragraph 95 of her complaint, she alleges:

> Even as a mediation was scheduled to address the grievance issue, OCU failed to have appear on its behalf those persons with meaningful decision-making authority and Plaintiff's efforts at assisting in designing a long-term policy based environment of lawful employment practices compliance were entirely rejected. Once again, the process was nothing more than a sham and OCU failed and refused to act in utmost good faith and to deal fairly with Plaintiff.

The plaintiff cannot on the one hand claim that OCU failed to send persons with meaningful decision making authority and failed to act in good faith, while on the other hand objecting to the testimony of the one individual who is in the best position to respond to those two allegations.

2.  While the plaintiff complains about maintaining the confidentiality of the mediation process, the plaintiff herself has breached that confidentiality by discussing parts of OCU's offer of settlement with one or more members of the law school faculty at OCU.

3.  The plaintiff cannot be allowed to claim that OCU did not conduct itself in good faith when she in fact made settlement offers which were not good faith offers. The plaintiff's initial offer of settlement required in part that OCU pay her a six figure amount, is in excess of what she could recover under Title VII of the Civil Rights Act of 1964 if she prevailed in the litigation. Additionally, the plaintiff wanted a guarantee of tenure when she in fact had failed to meet the requirements for tenure at that time.

Thus, for these three reasons, the court should overrule the plaintiff's objection to the listing of Mr. Barghols.

                                        Respectfully Submitted

                                        s/ Leonard Court
                                        Leonard Court, OBA #1948
                                        Courtney K. Warmington, OBA #18486
                                        Daniel P. Johnson, OBA #20742

                                        -Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
leonard.court@crowedunlevy.com
courtney.warmington@crowedunlevy.com
daniel.johnson@crowedunlevy.com

Attorneys for Defendants

Case 5:08-cv-01318-HE   Document 36   Filed 11/23/2009   Page 3 of 4

CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of November, 2009, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing. The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward
Woodrow K. Glass
Scott F. Brockman
Scott K. Thomas
Zack K. Bradt
Ward & Glass, LLP
1821 N. Imhoff Road, Suite 102
Norman, Oklahoma 73071
(405) 360-9700
(405) 360-7902 FAX

                                                s/ Leonard Court